# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYRAN MANNING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-049-DRH |
| | ) |
| BARBARA L. BROWN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, currently an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Defendant Brown is the clerk of the circuit court in Randolph County, Illinois. In July 2004,

Plaintiff filed a petition for writ of mandamus in that circuit court, along with an application to proceed as a poor person. His pauper application was granted, but his mandamus petition was unsuccessful. In October 2004, Plaintiff appealed from the denial of his petition. Brown refused to produce a record on appeal for him without prepayment of $68. Plaintiff protested that decision and sought intervention from the appellate court. Even though the appellate court had granted his request to proceed as a pauper, that same court advised him that he was not entitled to a free record on appeal. Because Plaintiff was unable to obtain the necessary funds, his appeal was dismissed for want of prosecution. Plaintiff now claims that Brown's refusal to process his record on appeal constitutes a violation of his rights to access the courts and to due process.

> This court has had occasion to address the issue of absolute judicial immunity on several occasions. *See Dellenbach v. Letsinger*, 889 F.2d 755 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1821, 108 L.Ed.2d 950 (1990); *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir.), *cert. denied*, 493 U.S. 956, 110 S.Ct. 371, 107 L.Ed.2d 357 (1989); *Eades v. Sterlinske*, 810 F.2d 723 (7th Cir.), *cert. denied*, 484 U.S. 847, 108 S.Ct. 143, 98 L.Ed.2d 99 (1987); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir. 1985). These cases, read as a totality, establish this circuit's firm adherence to the functional analysis mandated by the Supreme Court in *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) and more recently in *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). This methodology mandates that, in approaching claims of absolute judicial immunity, we keep paramount in our analysis that "[a]bsolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation." *Burns*, 111 S.Ct. at 1943 (emphasis in original); *see Thompson v. Duke*, 882 F.2d 1180, 1185 (7th Cir. 1989), *cert. denied*, 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 496 (1990). When, as here, we are dealing with the application of the doctrine to auxiliary judicial personnel, we must remember the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts ... warrants this extension of the doctrine." *Scruggs*, 870 F.2d at 377. Certainly, when such personnel perform judicial or quasi-judicial functions such as the issuance of arrest warrants, they perform a function integral to the judicial process and receive the same protection as full-fledged judicial officers. *See Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (clerk's issuance of warrant, although non-discretionary, a "truly judicial act" and so protected by absolute immunity). Likewise, when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, we have held that that officer's immunity is also available to the

subordinate. *See Dellenbach*, 889 F.2d at 763; *Scruggs*, 870 F.2d at 377; *see also Henry*, 808 F.2d at 1238. Indeed, there is "general agreement that court officials ... who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit as to those actions." *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991); *see, e.g., Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) (clerks have absolute immunity from actions for damages arising from acts they are specifically required to do by court order or at a judge's direction); *Green v. Maraio*, 722 F.2d 1013 (2d Cir. 1983) (unfair to hold liable those who carry out orders of judges who are absolutely immune); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (clerks have absolute immunity from actions for damages for acts carried out under court order or at judge's direction). Another circuit has extended the coverage of judicial immunity in the absence of explicit judicial direction and held that the commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process. The clerk of court and deputy clerks are the officials through whom such filing is done. Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done "in the clear absence of all jurisdiction." *Mullis v. United States Bankruptcy Court, Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citations omitted), *cert. denied*, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

*Kincaid v. Vail*, 969 F.2d 594, 600 -601 (7th 1992). *See also Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001).

In this case, the appellate court told Plaintiff that he was not entitled to a free record on appeal (*see* Exhibit I – Doc. 1, p.27). Thus, Brown's failure to produce a free record falls under the definition of a "quasi-judicial function" that was done pursuant to an explicit direction from a higher court. As such, she is absolutely immune from suit for her actions or inactions in this situation.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** December 20, 2007.

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**